UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HANG NGUYEN, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-175-SDJ |
| | § | |
| AMGUARD INSURANCE | § | |
| COMPANY, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Hang and Kheim Nguyen's Opposed Motion to Remand. (Dkt. #16). Defendant AmGUARD Insurance Company ("AmGuard") filed a response in opposition. (Dkt. #17). Having considered the motion, the parties' supplemental briefing, the record, and the applicable law, the Court concludes that the remand motion should be **DENIED**.

**I. BACKGROUND**

Plaintiffs Hang and Kheim Nguyen (collectively, "the Nguyens") own a homeowners insurance policy issued by AmGuard. Following a hail and windstorm that caused damage to their property, the Nguyens submitted a claim under the policy for the cost of repairs. AmGuard engaged Defendant Shawn Mitchell to adjust the claim and investigate the damage. AmGuard ultimately denied coverage.

The Nguyens brought suit in the 431st Judicial District Court of Denton County, Texas, asserting claims for breach of contract and breach of the duty of good faith and fair dealing against AmGuard, as well as claims against both AmGuard and Mitchell for civil conspiracy and various violations of the Texas Insurance Code. (Dkt. #1 at 1; Dkt. #1-1 at 3–9). After the action was filed, AmGuard filed an Election

1

of Legal Responsibility, accepting any liability on behalf of Mitchell for his acts or omissions related to the Nguyens' claim. (Dkt. #1-3).

AmGuard then removed this matter based upon diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. AmGuard asserts that, while on the face of the pleadings there is not complete diversity between the parties because Plaintiffs and Defendant Mitchell are both citizens of Texas, the Court nevertheless has jurisdiction because Mitchell was improperly joined and therefore must be disregarded for the purpose of determining jurisdiction.[1] AmGuard offers two reasons supporting the improper joiner of Mitchell: (1) AmGuard accepted liability for Mitchell's actions pursuant to Texas law; and (2) the Nguyens' pleadings provided no reasonable basis for recovery against Mitchell. (Dkt. #1 ¶ 9). The Court agrees with AmGuard's first argument: AmGuard's acceptance of liability for Mitchell under Texas law renders Mitchell an improperly joined Defendant and requires denial of the Nguyens' remand motion.[2]

## II. LEGAL STANDARD

### A. Improper Joinder

The "starting point" for analyzing claims of improper joinder is the federal removal statute. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)

---

[1] AmGuard is a citizen of Pennsylvania because it is a corporation incorporated in Pennsylvania, and because it also maintains its principal place of business in Pennsylvania. (Dkt. #1 at 2); 28 U.S.C. § 1332(c)(1).

[2] Accordingly, the Court need not consider AmGuard's second argument that Mitchell was improperly joined because the Nguyens have failed to assert any viable claim against him.

2

(en banc). That statute permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). It further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, proper joinder must be established for a federal district court to exercise jurisdiction over a removed action.

The Fifth Circuit has recognized that if a party establishes improper joinder, "the court may disregard the citizenship of that [improperly joined] defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 473 (5th Cir. 2022) (per curiam) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

For the latter option, a defendant must show, under a Rule 12(b)(6)-type analysis, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Advanced Indicator*, 50 F.4th at 473 (quoting *Travis*, 326 F.3d at 646–47). Importantly, the court must

3

determine "the plaintiff's possibility of recovery against that defendant *at the time of removal.*" *Id.* (quoting *Flagg*, 819 F.3d at 137) (emphasis in original).

**B. Amount in Controversy**

28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. Where the amount in controversy is disputed because a specific damages number is not alleged in the complaint, the party seeking to invoke the court's jurisdiction "must prove by a preponderance of the evidence that 'the amount in controversy exceeds the jurisdictional amount,'" and may rely on "'summary judgment-type evidence' to do so." *1400 FM 1417 LLC v. Certainteed Corp.*, No. 4:21-CV-00847, 2022 WL 906192, at *7 (E.D. Tex. Mar. 28, 2022) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In a removed case, the removing defendant bears the burden of showing that federal jurisdiction exists, and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III. DISCUSSION

The Nguyens argue that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore must remand this case to state court. (Dkt. #16). The remand motion turns on two inquiries: (1) whether Mitchell was properly joined at the time of removal, the outcome of which governs whether there is complete diversity between the parties; and (2) whether AmGuard has shown that the amount in controversy exceeds $75,000. The Court addresses each inquiry in turn.

### A. Mitchell's Joinder

The parties agree that, under the Fifth Circuit's recent decision in *Advanced Indicator*, Mitchell was improperly joined because, under applicable Texas statutory law, AmGuard had already accepted liability on behalf of its agent, Mitchell, before removal. (Dkt. #20, #21). Section 542A.006 of the Texas Insurance Code allows an insurer to elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim, and such an election may be made either before or after suit is filed. *See* TEX. INS. CODE § 542A.006(a)–(c). In *Advanced Indicator*, the Fifth Circuit resolved a dispute among lower courts when it held that, even when an insurer makes the Section 542A.006 election after a state court suit is filed, so long as the election is made prior to removal the agent is necessarily an improper defendant for purposes of removal jurisdiction. *Advanced Indicator*, 50 F.4th at 475. That is because, as soon as the insurer's election was made, Texas statutory law required that "the court shall dismiss the action against the agent with prejudice." TEX. INS. CODE § 542A.006(c). So, whenever an insurer accepts liability of its agent under the Texas statute prior to removal, the district court may properly conclude that, at the time of removal, there was "no possibility of recovery" against the agent. *Advanced Indicator*, 50 F.4th at 475.

Because Mitchell is unquestionably an improperly joined defendant under *Advanced Indicator*, and improperly joined defendants are not considered when determining whether the Court has subject-matter jurisdiction, the Court will not consider Mitchell's Texas citizenship in reviewing whether there is complete diversity between the parties under 28 U.S.C. § 1332(a). With Mitchell out of the picture, the

5

Court finds that there exists complete diversity between the remaining parties because the Nguyens are citizens of Texas and AmGuard is a citizen of Pennsylvania. With complete diversity settled, the Court turns to Section 1332's other statutory requirement—the amount in controversy—to determine whether it has subject-matter jurisdiction.

## B. Amount in Controversy

AmGuard has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required to establish diversity jurisdiction under Section 1332. *See* 28 U.S.C. § 1332(a). AmGuard attaches the Nguyens' public adjuster's demand letter to Mitchell which allegedly includes a $36,104.56 repair estimate. (Dkt. #23-1 at 3). AmGuard reasons that because the Nguyens' are seeking treble damages, for purposes of the amount in controversy requirement, the $36,104.56 figure becomes $108,043.68, exceeding the amount in controversy threshold. The Court agrees.

The Fifth Circuit has held that a plaintiff's pre-removal demand letter, coupled with a statutory multiplier, may serve as sufficient summary-judgment type evidence to establish the amount in controversy requirement. *Chavez v. State Farm Lloyds*, 746 F.App'x 337, 341 (5th Cir. 2018) (holding defendant satisfied amount in controversy requirement where plaintiff's demand letter to defendant insurance company was for $40,776.44 which could double when coupled with exemplary damages permitted under Texas law), *abrogated on other grounds by Agredano v. State Farm Lloyds*, 975 F.3d 504 (5th Cir. 2020). District courts have similarly applied this principle. *SOLARES v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-CV-

6

00027, 2019 WL 3253072, at *3 (S.D. Tex. June 11, 2019) ("In the insurance context, courts have asserted federal jurisdiction where the insurer produced a pre-suit demand letter plainly showing damages near or in excess of $75,000."); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905, at *5 (S.D. Tex. June 16, 2010) (finding amount in controversy requirement met where plaintiff's pre-removal demand letter to defendant insurance company sought $44,500 in damages which when trebled exceeded $75,000); *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex. 2008) (holding plaintiff's pre-suit demand letter to defendant insurance company is proper evidence used to determine the amount in controversy).

Here, the Court finds that the Nguyens' public adjuster's demand letter to Mitchell, sent six months before AmGuard removed this case to federal court, alleges that the unpaid policy benefits—reduced by the deductible, depreciation, and prior payments, if any—amount to $36,014.56. (Dkt. #23-1 at 3). As the Nguyens are seeking treble damages, their claim necessarily involves an amount in controversy rising to at least $108,043.68, exclusive of interest and costs, meeting Section 1332's amount in controversy requirement. (Dkt. #1-1 at 10) ("Plaintiffs ask for three times the actual damages."). Because AmGuard also has established that the Court has diversity jurisdiction under Section 1332, *see supra* Part III.A, the Court has subject-matter jurisdiction and the Nguyens' remand motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Nguyens' Opposed Motion to Remand, (Dkt. #16), is **DENIED**.

**So ORDERED and SIGNED this 6th day of December, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

8